DE CAUSSEY & ANDERSON ET AL. v. BAILY & POND.

(Case No. 1172.)

1. PARTNERSHIP.— Partnership creditors will not be heard to complain of the application of the partnership assets to the payment of the individual debts of the members of the firm, unless it be made to appear that there is not enough partnership property to satisfy both the creditors of the firm and of the individual members thereof.

2. PRACTICE.— When special issues are submitted to a jury, and an issue raised by the pleading is omitted, the party raising it, who failed to ask its submission on the trial, will not be heard to complain for the first time in the supreme court, but will be regarded as having acquiesced in its omission on the trial below.

3. PLEADING.— When the ground for attachment is sufficiently set forth in the affidavit, a general prayer in the petition for "process" is sufficient to authorize the issuance of the writ. The writ becomes a matter of right on the filing of the proper affidavit and bond required by the statute.

4. ATTACHMENT BOND.— An attachment bond made payable to a firm in the partnership name is sufficient when the suit is against the firm in the firm name.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

On October 13, 1873, Baily & Pond brought suit against McCarty, De Caussey and Anderson, as composing the firm of J. H. McCarty & Co. An affidavit was attached to the petition for an attachment, which was issued and levied upon the property of the firm of De Caussey & Anderson, of which McCarty was not a member.

McCarty made default. De Caussey & Anderson made a motion to quash the attachment, which was overruled. They answered that the attachment was wrongfully and maliciously sued out, and asked for damages.

Young Bros. & Co. intervened, alleging that they were creditors of De Caussey & Anderson; that the firm was insolvent; that they had brought suit against and procured an attachment, which was levied upon the goods seized in this case; that they had obtained a judgment with a foreclosure of their attachment lien, subject to the judgment to be rendered in this suit, and praying that the proceeds of the goods seized in this case be applied to the satisfaction of their judgment.

The case was submitted to the jury upon special issues, and after finding for the plaintiff for the sum of $690.89, with interest, the jury found the following facts in response to the special issues:

1st. That the plaintiffs, Baily & Pond, sold to J. McCarty & Co. a bill of goods as alleged in the petition, between September 15, 1872, and December 2, 1872, and that there was then due Baily & Pond $695.87.

2d. That the firm of J. McCarty & Co. was composed of J. McCarty, C. B. De Caussey and Tolbert Anderson.

3d. That the mercantile firm of De Caussey & Anderson, composed of C. B. De Caussey and Tolbert Anderson, was formed on the 19th of January, 1873, and was doing business at Chappell Hill under that name.

4th. That on the 27th day of August, 1873, the firm of De Caus-

sey & Anderson were indebted to the intervenors in the sum of $3,990, and were at the time of the trial indebted to them in that amount, less $1,386.66.

5th. That the attachment issued in this suit was levied upon the goods of De Caussey & Anderson on the 14th of October, 1873.

6th. That the goods were valued at $1,097.76, and the net proceeds of the sale were $599.62.

Upon this verdict of the jury the court rendered judgment in favor of Baily & Pond for their debt against McCarty, De Caussey and Anderson, adjudged that the goods levied on in this case were subject to the attachment of Baily & Pond, and directed the payment to them of said sum of $599.62, the proceeds of the sale.

The judgment further recited that the money realized from the sale of the goods attached, and which remains in the hands of the sheriff, shall be paid into the hands of the clerk of the court to abide the result of the appeal, of which notice has been given.

Afterwards the intervenors, Young Bros. & Co., moved the court to set aside so much of the judgment as foreclosed the attachment lien upon the goods levied on in this case and directs the payment of the proceeds to plaintiffs, and instead thereof to render judgment requiring the proceeds of the goods levied on under the attachment in this case to be paid to the intervenors.

This motion being overruled, the intervenors, Young Bros. & Co., gave notice of appeal and made the following assignments of error:

.   .   .   4th. The court erred in refusing to render judgment in favor of the intervenors.

5th. The judgment of the court is contrary to law and the verdict of the jury.

*Sayles & Bassett*, for appellants.

I. As between the appellants, Young Bros. & Co., and the appellees, Baily & Pond, the appellants were entitled to priority of payment out of the goods levied on.

This suit was brought on the 13th day of October, 1873, by Baily & Pond against Joseph McCarty, C. B. De Caussey and Tol Anderson, alleged to be partners under the firm name of J. McCarty & Co., for the value of certain goods sold by plaintiffs to said firm between the 1st day of September, 1872, and the 1st day of January, 1873.

On the same day a writ of attachment was issued and levied on the goods, the value of which is in controversy in this suit, which were sold under the order of the court, and from which was realized

the sum of $599.62, now in the hands of the clerk subject to the judgment in this case.

On the 19th of October, 1873, the intervenors, Young Bros. & Co., brought suit in the district court of Washington county against C. B. De Caussey and Tol Anderson, composing the firm of De Caussey & Anderson, and levied a writ of attachment on certain goods belonging to them, including the goods attached at the suit of Baily & Pond. Converse v. McKee, 14 Tex., 20; Pars. on Part., ch. X, pp. *342–350; Story on Part., §§ 360, 361; 3 Kent Comm., pp. *64, 65.

II. Upon the facts found by the special verdict of the jury, the judgment of the court below should be reversed and judgment now rendered here for the intervenors, Young Bros. & Co. Young v. Benthuysen, 30 Tex., 762; Rice v. Rice, 31 Tex., 174; Howeth v. Anderson, 25 Tex., 573.

III. Should it be necessary to consider the other questions presented by the record, the appellants ask the consideration of the first assignment of errors, which is in itself a proposition, viz.: The court erred in overruling the motion to quash the writ of attachment. The petition must contain a prayer for the process issued in the case, and in the absence of a prayer, such process cannot be issued. Duncan v. Bullock, 18 Tex., 541; Ward v. Latimer, 2 Tex., 245; Green v. Hill, 4 Tex., 465; Tulane v. McKee, 10 Tex., 339.

IV. An attachment bond must be made payable to the defendants. Pasch. Dig., 143; Burden v. Cross, 33 Tex., 685; Drake on Attach., § 137.

*Breedlove & Ewing*, for appellees.

WATTS, J. COM. APP.— Appellants' first and second propositions are as follows:

1. That a partnership is a legal body, distinct from the individuals who compose it, having its own creditors and possessed of its own property, which equity will apply to the partnership debts in preference to the individual debts of the members of the firm.

2. And that upon the facts found by the special verdict of the jury in this case, the judgment of the court below ought to be reversed, and judgment rendered for the intervenors, Young Bros. & Co.

In Converse v. McKee, 14 Tex., 30, it is said that " The doctrine is too well settled to be now questioned, that partnership debts claim a priority of payment out of the partnership effects before the individual debt of one of the members of the firm, and McKee,

the solvent partner, had a right to interfere and prevent the appropriation of the partnership effects to the payment of an individual debt of the members of the firm. The rule contended for by the appellants' counsel, that creditors of the firm alone have a right to complain, is subject to the qualification that the solvent partner has also a right to interpose for his own protection, for he is liable for the whole copartnership debt."

Mr. Parsons in his work on Partnership, p. 375, says: "It seems to be admitted by Mr. Justice Story, who builds upon this theory almost all the remedy of the creditors, that partners have no lien unless in case of insolvency or dissolution; or certainly, that the creditors do not get their *quasi* lien, unless in these cases."

It would seem from a review of all the accessible authorities upon the question, that the preference accorded to firm debts, of payment out of firm assets, only exists in case of insolvency, or the dissolution of the firm. If the firm is insolvent, its creditors may invoke the rule. Upon a dissolution, a solvent member of the firm may interpose for his own protection, where that is necessary, and have the firm assets applied to the firm debts. But the copartnership creditors will not be heard to complain of the application of firm assets to the payment of the individual debts of the members of the concern, unless it be made to appear that there is not enough copartnership property to satisfy both the firm and individual creditors. Rogers *v*. Nichols, 20 Tex., 726; Washburn *v*. Bank of Bellows Falls, 19 Vt., 278; Hubbard *v*. Curtis, 8 Iowa, 1; Stout *v*. Fortune, 1 Iowa, 183; Griffith *v*. Buck, 13 Md., 102; Story's Eq. Jur., sec. 676.

Here the intervenors asserted the insolvency of the firm of De Caussey & Anderson, and sought by their pleading an application, in this case, of the equitable doctrine that we have been considering. But the court did not submit to the jury an issue as to the insolvency of the firm of De Caussey & Anderson. Having failed to ask the submission of that issue, appellants must be held as having acquiesced in this action of the court.

It is sufficient answer to the objections urged by appellants, that it does not appear from the finding of the jury that the copartnership of De Caussey & Anderson was insolvent.

It is claimed that the attachment issued in this case ought to have been quashed, *first*, because there was no prayer in the petition for the writ; *second*, because the bond was made payable to J. McCarty & Co., and not to the members of the firm by name. There are no special grounds for the attachment stated in the petition; the prayer

therein is for "process." The grounds for the attachment are set forth in the affidavit of appellees. We are of the opinion that it was not necessary that there should have been a prayer in the petition for the issuance of the writ of attachment. Under the provisions of the statute, this writ issues by the clerk as a matter of right when the proper affidavit and bond is filed.

An obligation made payable to a firm is valid and binding upon the obligors, and may be sued upon and recovered by the firm. The suit is against the firm of J. McCarty & Co., alleging that the firm was composed of J. McCarty, C. B. De Caussey and Tolbert Anderson. We are of the opinion that the bond was sufficient, and that the court did not err in overruling the motion to quash the attachment.

We conclude, and so report, that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered November 6, 1882.]